UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| VAN-PACKER CO., an Illinois corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| AIRGAS USA, LLC, a Delaware limited liability company, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, VAN-PACKER CO., an Illinois corporation ("Van-Packer"), by and through its attorneys, CALIFF & HARPER, P.C., and for its Complaint against the Defendant, AIRGAS USA, LLC, a Delaware limited liability company ("Airgas"), states as follows:

### Parties

1.  Van-Packer is an Illinois corporation with its principal place of business located in Buda, Illinois, and a citizen of Illinois.

2.  Airgas is a Delaware limited liability company, with its principal place of business located in Pennsylvania.

3.  No member of Airgas is a citizen of Illinois.

### Jurisdiction

4.  The parties are citizens of different states.

5.  The amount in controversy exceeds $75,000.00.

6.  This Court therefore has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332.

Venue

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

Background

8.      Van-Packer is a manufacturer of chimney and venting products, as well as grease ducts.

9.      Airgas is a seller of welding products. Further, Airgas is a supplier of information about welding products and solutions.

10.     Van-Packer has a longstanding business relationship with Airgas, during which Airgas has sold welding products to Van-Packer and supplied information to Van-Packer about welding products and solutions.

11.     In 2020, Van-Packer became aware of cracked welds performed on 430 stainless steel ("430 SS").

12.     Thereafter, Van-Packer contacted Airgas concerning such matter, and Airgas sent a number of representatives to Van-Packer to evaluate a piece of 430 SS metal that was welded and contained cracked welds. Airgas performed practice welds and made a specific recommendation to Van-Packer to switch from using 308L wire to 309L wire.

13.     Airgas opined Van-Packer was having problems because of welding dissimilar metals together (i.e., 304 SS to 430 SS). Because Van-Packer was welding dissimilar metals together, Airgas advised switching from 308L wire to 309L wire would be beneficial. Airgas explained how 309L wire is more workable and would flow better between 304 SS and 430 SS. Airgas advised switching wire would eliminate future problems.

14.     Airgas informed Van-Packer annealing/heat treating the metal was not required.

15. Based upon the Airgas recommendation, Van-Packer switched from using 308L wire to using 309L wire. Specifically, Van-Packer utilized the 309L wire, as recommended by Airgas, in materials supplied for two (2) Van-Packer end customer projects.

16. After following the recommendation of Airgas, and buying 309L wire from Airgas to address the specifically identified problem for which Airgas provided its advice, Van-Packer continued to experience cracked welds.

17. Van-Packer has spent substantial dollars in addressing the issue of cracked welds for two (2) Van-Packer end customers.

## COUNT I

(Negligent Misrepresentation)

1-17. Van-Packer repeats and realleges paragraphs 1-17 of this Complaint as paragraphs 1-17 of this Count I.

18. Airgas touts itself as an expert in the welding field.

19. The Airgas website clearly demonstrates it is in the business of providing advice and analysis to customers, such as Van-Packer. For example, the Airgas website contains a page entitled "Heat Treating Solutions"; among the statements made on such page are the following:

- "System design expertise, start-up and engineering support services";
- "Process optimization …"

20. This page further states: "From analyzing your current process to conducting audits and evaluations of your heat treating requirements, our engineers help you decide on the best gas combination and equipment."

21. Another Airgas website page, entitled "Solutions", also touts the expertise of Airgas.

22. Yet another Airgas website page states "[g]et everything you need for a successful welding operation" including the category "Solutions, products and expertise …". Such page more specifically states: "Backed by the knowledge of more than 90 Advanced Fabrication experts, Airgas provides the gases, welding equipment, consumables and *process expertise* you need for any welding application." (Italics added).

23. In addressing the cracked welds issue with its two (2) end customers, Van-Packer end contacted a third party laboratory to determine the cause of the cracked welds.

24. Van-Packer learned the steel must be annealed (i.e., heat treated) to enable functional welds to be made. The annealing is to be completed post-welding.

25. To state a claim for negligent misrepresentation, a plaintiff must allege:

    (a) a false statement of material fact;

    (b) carelessness or negligence in ascertaining the truth of the statement by the party making it;

    (c) an intention to induce the other party to act;

    (d) action by the other party in reliance on the truth of the statement;

    (e) damage to the other party resulting from such reliance; and

    (f) a duty on the party making the statement to communicate accurate information.

*Board of Education of the City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 452 (1989).

26. With respect to the last element, to qualify as being "in the business of supplying information," (a) a defendant must supply the information in the course of its business, and (b) the information must be supplied for the guidance of others in their business transactions. *Fireman's Fund Insurance Co. v. SEC Donohue, Inc.*, 176 Ill. 2d 160, 164-166 (1997).

27. Here:

 (a) Airgas clearly supplies information in the course of its business and touts its expertise in doing so; further, the advice was specifically given to Van-Packer to address the cracked welds issue it was experiencing in relation to its business transactions;

 (b) Airgas made the false statement annealing was not required for the welding situation about which Van-Packer consulted Airgas for its expert advice;

 (c) Airgas was careless or negligent in making such statement, as Airgas should have known annealing was required;

 (d) Airgas intended Van-Packer to act in conformance with the Airgas advice by not annealing the 430 SS metal;

 (e) Van-Packer relied on the correctness of the Airgas statement about no annealing being required; and

 (f) Van-Packer was unquestionably damaged as a result of the negligent Airgas advice.

WHEREFORE, the Plaintiff, VAN-PACKER CO., respectfully requests a judgment in its favor and against AIRGAS USA, LLC in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), as shown by the proof at trial, together with its costs of this action, and such other and further relief deemed appropriate under the circumstances.

## COUNT II

(Breach of Implied Warranty of Fitness for a Particular Purpose)

1-17. Van-Packer repeats and realleges paragraphs 1-17 of this Complaint as paragraphs 1-17 of this Count II.

18. To recover for breach of an implied warranty of fitness for a particular purpose under 810 ILCS 5/2-315, a plaintiff must show:

 (a) it had made known to the seller the particular purpose for which the article was purchased;

(b) it relied on the seller's skill or judgment;

(c) some defect in the article sold rendered it unfit for its purpose; and

(d) damages resulted from the defect.

*See Mullen v. General Motors Corp.*, 32 Ill. App. 3d 122, 128-129 (1st Dist. 1975).

19. The 309L wire recommended and sold to Van-Packer by Airgas did not remedy the cracked welds, as Airgas told Van-Packer it would.

20. The 309L wire was not suited for the particular purpose of remedying the cracked welds issue experienced by Van-Packer, contrary to the representations of Airgas.

21. As a result, Airgas is liable for Van-Packer's damages.

WHEREFORE, the Plaintiff, VAN-PACKER CO., respectfully requests a judgment in its favor and against AIRGAS USA, LLC in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), as shown by the proof at trial, together with its costs of this action, and such other and further relief deemed appropriate under the circumstances.

## COUNT III

(Breach of Express Warranty)

1-21. Van-Packer repeats and realleges paragraphs 1-21 of Count II of this Complaint as paragraphs 1-21 of this Count III.

22. Additionally, Airgas represented to Van-Packer if it changed from 308L to 309L wire with no annealing required for the 430 SS metal, doing so would remedy Van-Packer's cracked weld issues.

23. The foregoing representation, which related to the 309L wire Van-Packer purchased from Airgas, became part of the basis of the bargain and created an express warranty that the goods shall conform to the affirmation or promise.  810 ILCS 5/2-313.

24. Airgas breached the foregoing express warranty and Airgas is liable to Van-Packer for its damages.

WHEREFORE, the Plaintiff, VAN-PACKER CO., respectfully requests a judgment in its favor and against AIRGAS USA, LLC in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), as shown by the proof at trial, together with its costs of this action, and such other and further relief deemed appropriate under the circumstances.

VAN-PACKER CO., an Illinois corporation,
Plaintiff

By: /s/ James S. Zmuda
_____
James S. Zmuda
For:   CALIFF & HARPER, P.C.

James S. Zmuda
Arthur W. Eggers
Keisha N. Douglas
CALIFF & HARPER, P.C.
1515 5th Avenue, Suite 700
Moline, Illinois 61265
Telephone:   (309) 764-8300
Email:   jzmuda@califf.com
kdouglas@califf.com

jsz.pldg22.17700-3